**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:                         | NOT FOR PUBLICATION          |
|                                |                              |
| MILDRED DELI GROCERY, INC.,    | Case No. 18-10077 (MG)       |
|                                | Chapter 11                   |
|                                                                |
|                         Debtor.|                              |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION OF FLSA
CREDITORS TO LIFT THE AUTOMATIC STAY**

*A P P E A R N C E S:*

MICHAEL FAILLACE & ASSOC., P.C.
*Attorneys for FLSA Creditors*
60 East 42nd Street, Suite 4510
New York, NY 10165
By:    Joshua S. Androphy, Esq.

LAW OFFICES JULIO E. PORTILLA, P.C.
*Attorney for Debtor Mildred Deli Grocery, Inc.*
555 Fifth Avenue, 17th Floor
New York, NY 10017
By:    Julio E. Portilla, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is a motion for relief from the automatic stay (the "Motion," ECF Doc. # 7) for a Fair Labor Standards Act litigation pending in the United States District Court for the Southern District of New York (the "FLSA Litigation"), against Mildred Deli Grocery, Inc. (the "Debtor") and non-debtors Colombia Nunez and Aurelia Medina (the "Non-Debtor Defendants"). The Motion was filed on January 29, 2018, by the plaintiffs in the FLSA Litigation, comprised of Jesus Tecun, Manuel Cipriano Mejia, Concepcion Sanchez Alonso, Cristina Gatica Luna, Lauro Garzon Valencia, Miriam Pinos Buendia and all other similarly situated employees and former employees of the defendants (the "Movants"). The Motion is

supported by a declaration of Joshua S. Androphy (the "Androphy Declaration," ECF Doc. # 8), and attaches as an exhibit the complaint in the FLSA Litigation (the "Complaint," ECF Doc. # 8, Ex. A). The Debtor filed an opposition to the Motion (the "Opposition," ECF Doc. # 16) on February 23, 2018 and attached as an exhibit the Debtor's FLSA Litigation Counsel's motion to withdraw as counsel (the "Withdrawal Motion," ECF Doc. # 16, Ex. C).

For the reasons stated below, the Motion is **GRANTED** effective 60 days from the date of this Opinion.

## I. BACKGROUND

### A. The Debtor's Business and the Bankruptcy

The Debtor filed for protection (the "Petition," ECF Doc. # 1) under chapter 11 of the Bankruptcy Code on January 20, 2017. The Debtor operates a deli and grocery store located at 231 East 116th Street, New York, NY 10029. (Compl. ¶ 3.)

### B. The FLSA Litigation

The FLSA Litigation centers on an employment dispute between the Debtor, Non-Debtor Defendants, and Movants. According to the Movants, during time periods ranging from approximately May 2013 to approximately July 2016, the Debtor and Non-Debtor Defendants employed the Movants as cashiers and delivery workers. (*Id*. ¶¶ 46–202.) On July 20, 2016, the Movants commenced an action against the Debtor in the United States District Court for the Southern District of New York (the "District Court") for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), for violations of N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6(a) (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs. (Compl. ¶ 17.) The Movants

have calculated their claims, if proven, as $667,659.48, plus attorneys' fees and costs, and accumulating prejudgment interest. (Androphy Dec. ¶ 6.) A bench trial in the FLSA Litigation was scheduled to begin on February 20, 2018. (*Id*. ¶ 4.) By order dated January 23, 2018, the District Court adjourned the trial, due to the Debtor's bankruptcy filing, and ordered the Movants "to advise by February 21, 2018[,] whether the bankrupcy court has lifted the automatic stay and whether they are prepared to proceed to trial." (*Id*. ¶¶ 4–5.)

### C. The Motion

The Movants argue that relief from the automatic stay under section 362(d)(1) is warranted because there is sufficient "cause," and several of the twelve factors set out in *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990) (the "*Sonnax* Factors") weigh in favor of relief. (Mot. at 5.) The Movants argue that relief is warranted because:

 i. ***Sonnax* Factor 1:** Relief would result in complete resolution of the issues, as the District Court would determine if the Movants have a claim and the amount of any such claim. (*Id*. at 5–6.)

 ii. ***Sonnax* Factor 2:** Relief would not interfere with the bankruptcy case and may assist in the judicial expedition of the bankruptcy proceeding. The Movants' claim, if proven, may be the largest claim in the bankruptcy, and according to the Debtor, this claim is the primary reason for filing the bankruptcy. (*Id*. at 6–7.)

 iii. ***Sonnax* Factor 4:** The District Court is highly experienced in actions brought under the FLSA and New York Labor Law and is familiar with the issues involved in the FLSA Litigation. (*Id*. at 7.)

3

  iv. ***Sonnax* Factor 6:** The Movants' FLSA Litigation is brought against Non-Debtor Defendants in addition to the Debtor. Lifting the stay will allow the FLSA Litigation to proceed against all Defendants. (*Id.*)

  v. ***Sonnax* Factor 7:** Liquidation of the Movants' claim in the District Court will not prejudice the interests of the other creditors because the Movants only seek to determine the amount of their claim. Additionally, the Movants may be able to collect all or part of the judgment from the Non-Debtor Defendants. (*Id.* at 7–8.)

  vi. ***Sonnax* Factor 10:** The interests of judicial economy and the expeditious and economical resolution of litigation weigh heavily in favor of adjudicating the Movants' claim in the District Court because the matter is already close to completion. All discovery and pre-trial motions have been completed and the matter is ready for trial. (*Id.* at 8.)

  vii. ***Sonnax* Factor 11:** The parties are ready for trial in the FLSA Litigation. (*Id.* at 9.)

  viii. ***Sonnax* Factor 12:** The balance of harms weighs in favor of the Movants because if the stay is not lifted, the Movants may be forced to litigate their claims in two separate courts. (*Id.*)

  **D.** **The Opposition**

The Debtor contends the Movants lack cause to modify the automatic stay and that lifting the stay will cause the Debtor to redirect its efforts to further litigation, forcing the Debtor to outlay thousands of dollars in fees to defend itself. (Opp. ¶¶ 20–21.) The Debtor emphasizes its need for sufficient time to formulate and propose a viable plan of reorganization and that the continuance of the FLSA Litigation could hinder this effort. (*Id.* ¶¶ 15–17.) The Debtor relies

4

on several *Sonnax* Factors, in particular Factors 1, 3, 4, 5, 6, and 10, in support of its Opposition. (*See id.* ¶¶ 25–29.) The Debtor argues that relief is warranted because:

    i. ***Sonnax* Factor 1:** The FLSA Litigation may not resolve how different claims will be properly allocated, resulting in the need for this court to resolve the issue. (*Id.* ¶ 25.)

    ii. ***Sonnax* Factor 3:** The FLSA Litigation does not involve the Debtor as a fiduciary. (*Id.* ¶ 26.)

    iii. ***Sonnax* Factor 4:** The District Court is not a "specialized tribunal." (*Id.*)

    iv. ***Sonnax* Factor 5:** The cost of defending the litigation will be paid by the Debtor, not an insurance carrier. (*Id.* ¶ 27.)

    v. ***Sonnax* Factor 6:** The Non-Debtor Defendant is Colombia Nunez, the sole owner and principal of the Debtor. The FLSA Litigation is directed at the Debtor and does not primarily involve third parties, although third parties are involved. (*Id.* ¶ 28.)

    vi. ***Sonnax* Factor 10:** The FLSA Litigation is not ready for trial in the District Court because Debtor's FLSA Litigation counsel is seeking to withdraw as counsel based on the irretrievable breakdown of the client-attorney relationship. Additionally, the more efficient procedure would be for the Movants to submit proofs of claim, liquidating their claims in the bankruptcy court instead of the District Court. Lifting the stay would be disruptive to the Debtor's business and efforts to reorganize. (*Id.* ¶ 29.)

## II. LEGAL STANDARD

The Bankruptcy Code imposes an automatic stay of nearly all litigation against the debtor. 11 U.S.C. § 362(a). But a party in interest can seek relief from this automatic stay "for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define the phrase "for cause," and in determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the *Sonnax* Factors:

   i.  whether relief would result in a partial or complete resolution of the issues,
  ii.  the lack of any connection with or interference with the bankruptcy case,
 iii.  whether the other proceeding involves the debtor as a fiduciary,
  iv.  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
   v.  whether the debtor's insurer has assumed full responsibility for defending the action,
  vi.  whether the action primarily involves third parties,
 vii.  whether litigation in another forum would prejudice the interests of other creditors,
viii.  whether the judgment claim arising from the other action is subject to equitable subordination,
  ix.  whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
   x.  the interests of judicial economy and the expeditious and economical resolution of litigation,
  xi.  whether the parties are ready for trial in the other proceeding, and
 xii.  the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc.*, 907 F.2d at 1286; *In re New York Medical Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

The movant bears the initial burden of making a showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." *See Mazzeo*, 167 F.3d at 142; *Sonnax*, 907 F.2d at 1285; *cf.* 11 U.S.C. § 362(g)(2) (party opposing stay relief has burden of proof on all issues other than debtor's equity in subject property). The burden on the movant seeking relief from the automatic stay to prosecute an unsecured claim is heavy. "The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief," *In re Leibowitz,* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *accord Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 8, 2010); *In re Residential Capital, LLC*, 501 B.R. 624, 643–44 (Bankr. S.D.N.Y. 2013), lest the unsecured creditor receive a distributive advantage contrary to the principle of equality of distribution. *Motors Liquidation Co.*, 2010 WL 4966018, at *4; *Leibowitz*, 147 B.R. at 345.

### III.    DISCUSSION

The Movants have established sufficient cause to lift the automatic stay. While the automatic stay generally affords the debtor breathing room essential for the debtor to make a fresh start and assure creditors receive equitable distribution of the debtor's assets, *see In re Residential Capital, LLC, et al.*, 480 B.R. 529, 537 (Bankr. S.D.N.Y. 2012), the facts here weigh in favor of granting relief from the stay. The pending FLSA Litigation raises serious issues

7

concerning the Debtor and the Non-Debtor Defendants. The case was trial ready when the bankruptcy case was filed. Permitting the trial to proceed will allow the amount of the claim, if any, against the Debtor to be fixed. The Movants may not take any action to recover any judgment from the Debtor if they are successful in the pending litigation; recovery on any judgment will have to await completion or dismissal of the Debtor's bankruptcy case. The Court will, however, delay the effectiveness of the Order lifting the stay for 60 days, to allow the Debtor to either resolve the case by proposed settlement, or prepare to defend the case at trial. Scheduling of the trial is obviously for the District Court to decide.

The Court concludes that *Sonnax* Factors 2, 4, and 10, in particular, tip the scale in favor of permitting the FLSA Litigation to proceed:

- *Sonnax* **Factor 2:** As the Movants emphasize, according to the Debtor, the primary reason for the Debtor's bankruptcy is the FLSA Litigation. Efficient resolution of the Movants' claims in the District Court will, therefore, assist resolution of the bankruptcy action. (Mot. at 6–7.)

- *Sonnax* **Factor 4:** While the District Court is not a specialized tribunal, it is highly experienced in actions brought under the FLSA and New York Labor Law and is familiar with the particular issues involved in the FLSA Litigation. All discovery and the majority of pre-trial motions have been completed and the matter is ready for trial (pending the resolution of the Withdrawal Motion) which has been adjourned from the scheduled date of February 20, 2018. (*Id*. at 7, 9; Opp. ¶ 29.)

- *Sonnax* **Factor 10:** Importantly, the FLSA Litigation is close to completion, as the trial was initially scheduled for February 20, 2018, and all discovery and the

majority of pre-trial motions have been completed. (Mot. at 8–9.) The Debtor cites a recent motion by Debtor's FLSA Litigation counsel to seek withdrawal in its support of denying the Motion, however, the District Court has not ruled on the withdrawal. (Opp. ¶ 29.) In any event, the interests of judicial economy and expeditious resolution of litigation weigh in favor of adjudicating the FLSA Litigation. (Mot. at 8–9.)

Several of the other factors likewise support granting the Motion:

- *Sonnax* **Factor 1:** Relief from the stay would result in the District Court determining whether the Debtor is liable and the amount of the claim would be liquidated, thus resolving the Movants' FLSA claims completely. (*Id.* at 5.)

- *Sonnax* **Factor 6:** The FLSA Litigation involves Non-Debtors as co-defendants. (*Id*. at 7.) Although the Debtor alleges the FLSA Litigation does not primarily involve third parties, they admit that third parties are involved. (Opp. ¶ 28.) If the Movants successfully argue the Defendants violated applicable labors laws, and that Non-Debtor Defendants are jointly and severally liable, the Movants may be able to collect from the Non-Debtor Defendants. (Mot. at 7.) Lifting the stay will allow the FLSA Litigation to proceed against all Defendants. (*Id.*)

- *Sonnax* **Factor 7:** Liquidating the Movants' claim in the FLSA Litigation will not prejudice the interests of other creditors because the Movants only seek to determine the amount of their claim against the Debtor. Additionally, the presence of the Non-Debtor Defendants means that the Movants may be able to collect all or part of the judgment from the Non-Debtor Defendants. (*Id.* at 7–8.)

- *Sonnax* **Factor 11:** Pending the District Court's ruling regarding the Withdrawal Motion, the parties are ready for trial in the FLSA Litigation.  (*Id.* at 9.)
- *Sonnax* **Factor 12:** The Movants may be forced to litigate their claims in two courts if the stay is not lifted, with the risk of inconsistent results, and wasting the parties' and the courts' resources.  (*Id.*)

In sum, there is cause to grant the Motion.  Although the Debtor is entitled to the protections afforded by filing a bankruptcy, it has failed to establish sufficient harm if the stay is lifted to allow the FLSA Litigation to go forward in the District Court.  The parties' counsel advised the Court that the bench trial is expected to last, at most, a few days.  By delaying the effectiveness of the Order lifting the stay for 60 days, the Debtor will have the opportunity (alone or with the Non-Debtor Defendants) to either settle the pending FLSA case, or prepare for trial.

## IV.    CONCLUSION

For the reasons explained above, the Motion to lift the stay is **GRANTED** effective 60 days from the date of this Opinion to permit the FLSA Litigation to proceed against the Debtor for the purpose of determining the Movants' claim amount, if any, against the Debtor.  The enforcement of any judgment obtained in the District Court remains stayed under section 362(a) of the Bankruptcy Code.

**IT IS SO ORDERED.**

Dated:   February 28, 2018
         New York, New York

         */s/ Martin Glenn*
         MARTIN GLENN
         United States Bankruptcy Judge